Laurence F. Padway, #89314
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-6100
Facsimile : (510)814-0650

David J. Linden, #41221
Post Office Box 5780
Napa, CA 94581
Telephone: (707) 252-7007
Facsimile: (707) 252-7883

Attorneys for plaintiff
    Sonja K. Rygg

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA K. RYGG, | No. |
| Plaintiff, | **COMPLAINT FOR ERISA BENEFITS** |
| vs. | |
| METROPCS WIRELESS, INC. EMPLOYEE WELFARE BENEFIT PLAN, and LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendants. _____/ | |

Comes now plaintiff alleging of defendant as follows:

**Jurisdiction**

1.  This suit seeks review of a failure to extend benefits under a welfare plan regulated by ERISA, 28 U.S.C. 1132.  Federal jurisdiction arises under 28 U.S.C. 1132(f).

**Complaint**      1

**First Claim for Relief - ERISA Benefits**

2. Plaintiff Sonja K. Rygg is a plan participant in the MetroPCA Wireless, Inc. Employee Welfare Benefit Plan, which includes a benefit for long term disability.

3. Defendant plan is insured by Defendant Life Insurance Company of North America (LINA), a subsidiary of CIGNA Group Insurance ("CIGNA"). Defendant LINA is one of the fiduciaries of the plan, insures the plan, and has been acting as the administrator of the claim in issue. Defendants can be found within this judicial district and administer the plan within it.

4. Plaintiff became disabled on March 10, 2012, during her employment by Defendant MetroPCS and while covered under the Plan. The Plan provides for payment in the event of disability.

5. Benefits were paid based on a disability date of March 10, 2012. After an elimination period of 180 days, benefits commenced on September 6, 2012. Benefits were paid for a total of 24 months through September 5, 2014 and then terminated. The gross benefit amount is $2362.88 based on a 60% of plaintiff's compensation amount of $3938.13. Effective March 7, 2012, plaintiff received State Disability in the amount of $2165.97 which terminated on March 17, 2013.

Accordingly, the date of loss for purposes of this lawsuit is September 6, 2014, the first date on which defendants failed to pay benefits due. The insurance policy provides that suit must be filed no more than three years after the time satisfactory proof of loss is required to be furnished. The policy requires that proof of loss be given "within 90 days after the date of the loss for which a claim is made," and extends that period for various circumstances. This provides a time period of three years plus at least 90 days from the date for which the claim is made (September 6, 2014) to file this lawsuit, and suit has been timely filed.

**Complaint**                                      2

6. Ms. Rygg attempted to return to work on September 23, 2014 with a new employer, RFI Security, as an office manager. She was earning $1000. per week. However, Ms. Rygg left work on December 22, 2014 for rotator cuff surgery on her right shoulder. She attempted to return to work on December 29, 2014 but was only able to work for one day. She returned to work again on January 5, 2014 and was terminated on January 9, 2015, because she was unable to work. Under

7. Ms. Rygg has exhausted her administrative remedies to the extent possible. A complete exhaustion was not possible because the adverse administrative determinations did not comply with the requirements of ERISA and did not provide adequate information concerning what the plan required to establish disability and why it required that information, and the plan failed to provide the materials described in 29 CFR 2560.503-1(m)(8). The plan denied the administrative appeal filed by Ms. Rygg on January 6, 2016.

8. As a proximate result thereof, plaintiff has been damaged by the loss of benefits for the period of September 6, 2014 to date, plus interest at a rate which is subject to proof and in the discretion of the Court. Ms. Rygg has further been compelled to engage counsel and is entitled to recover her attorneys fees according to proof under ERISA.

Wherefore, plaintiff prays for relief as set forth below.

**Prayer for Relief**

Wherefore, plaintiff prays for relief as follows:

1. For benefits due under the Plan according to proof, and prejudgment interest thereon;

2. For an award of interest against defendants according to proof;

**Complaint** 3

3. For attorneys' fees according to proof;

4. For such other relief as the court deems just and proper.


Dated: December 1, 2017        /s/ Laurence F. Padway
                               Laurence F. Padway
                               Attorney for Plaintiff

**Complaint** 4